Copy mailed to petitioner + attorneys for parties by the Court pursuant to Rule 77 (d) Federal Rules of Civil Procedures. 6/27/05

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN


U.S. DIST. COURT EAST DIST. WISC. FILED JUN 2 4 2005 AT____O'CLOCK____M SOFRON B. NEDILSKY

DONTRELL LEFLORE,

    Petitioner,

v.                             Case No. 04-C-0567

BYRAN BARTOW,

    Respondent.

## ORDER ON PETITIONER'S MOTION TO HAVE CASE PLACED IN ABEYANCE

The action was commenced on June 14, 2004, when the petitioner, Dontrell LeFlore ("LeFlore"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 18, 2004, this court issued an order after Rule 4 review, under the terms of which order the respondent was to file his answer on or before August 16, 2004; the petitioner was to file his brief on or before September 15, 2004; the respondent was to file his brief on or before November 1, 2004; and, the petitioner was to file his reply brief on or before December 1, 2004.

On August 2, 2004, the respondent filed his answer. After a number of extensions of time were granted to the petitioner, on December 4, 2004, LeFlore filed his brief. Similarly, after an extension of time was granted to the respondent, the respondent filed his brief on April 29, 2005. On May 13, 2005, the petitioner requested a forty-five day extension of time to file his reply brief and, on May 13, 2005, this court granted him such extension, thereby requiring that his reply brief be filed on or before June 30, 2005.

On June 13, 2005, LeFlore filed a submission entitled:

NOTICE OF, AND MOTION SEEKING TO HAVE CASE PLACED IN ABEYANCE UNTIL SUCH TIME AS PETITIONER'S "JAILHOUSE" LAWYER CAN REVIEW THE FILES TO DETERMINE WHETHER THE CASE SHOULD BE RETURNED TO STATE COURT AND 'EXHAUST' ISSUES MR. JACKSON IDENTIFIES AS A "MIXED PETITION" EXHAUSTED AND UNEXHAUSTED ISSUES OF 'DEFICIENT' ACTS RELATING TO COUNSEL'S PERFORMANCE

In essence, LeFlore seeks to have further action by this court on his habeas corpus petition stayed until such time as he and his "Jailhouse Lawyer," one Edward Leon Jackson, decide whether LeFlore should return to the state court to exhaust certain claims. Specifically, LeFlore asserts that "there is a serious need to have this case placed in abeyance and allow petitioner Dontrell LeFlore to determine whether a return to State Court is appropriate in order to save his issues." (Pet'r's Mot. at 1.) LeFlore does not set forth in his motion precisely what claims (or issues) he would like to consider taking back to state court. Nor does he indicate how much time for which he would like the stay to be entered. Thus, this court is reluctant to grant his motion as drafted.

However, the court will grant LeFlore a further extension of time to file his reply brief. LeFlore will be ordered to file his reply brief on or before August 15, 2005. If in the interim he decides that he would like to seek some sort of relief from this court in order to allow him to return to state court to exhaust certain unexhausted claims, he may reapply to this court for appropriate relief.

**NOW THEREFORE IT IS ORDERED** that the petitioner's "Motion to Have Case Placed in Abeyance" be and hereby is **DENIED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that the petitioner shall file his reply brief <u>on or before August 15, 2005.</u>

2

**SO ORDERED** this 24th day of June 2005, at Milwaukee, Wisconsin.

WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge

3