UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DONTRELL LEFLORE,

    Petitioner,

    v.    Case No. 04-C-0567

BYRAN BARTOW,

    Respondent.

**ORDER DENYING PETITIONER'S MOTION TO RECONSIDER
DENIAL OF STAY TO ENABLE EXHAUSTION**

    This action was commenced on June 14, 2004, when the petitioner, Dontrell LeFlore ("LeFlore"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 18, 2004, this court issued an order after Rule 4 review, under the terms of which order the respondent was to file his answer on or before August 16, 2004; the petitioner was to file his brief on or before September 15, 2004; the respondent was to file his brief on or before November 1, 2004; and, the petitioner was to file his reply brief on or before December 1, 2004.

    On August 2, 2004, the respondent filed his answer. After a number of extensions of time were granted to the petitioner, on December 4, 2004, LeFlore filed his brief. Similarly, after an extension of time was granted to the respondent, the respondent filed his brief on April 29, 2005. On May 13, 2005, the petitioner requested a forty-five day extension of time to file his reply brief and, on May 13, 2005, this court granted him such extension, thereby requiring that his reply brief be filed on or before June 30, 2005.

On June 13, 2005, LeFlore filed a submission in which he sought to have further action by this court on his habeas corpus petition stayed until such time as he and his "Jailhouse Lawyer," one Edward Leon Jackson, decided whether LeFlore should return to the state court to exhaust certain claims. Because LeFlore did not set forth in his motion precisely what claims (or issues) he wanted to consider taking back to state court and because he did not indicate how much time for which he wanted the stay to be entered, on June 24, 2005, this court denied his motion without prejudice; at the same time the court granted him an extension of time to file his reply brief.

Thereafter, on July 25, 2005, Le Flore filed a motion seeking reconsideration of the court's order of June 24, 2005. In his motion LeFlore set forth the claims which he seeks to present to the state court by way of a postconviction motion under Wis. Stat. § 974.06. In order to assist the court in deciding LeFlore's motion seeking reconsideration, the respondent was ordered to file a response to LeFlore's motion setting forth the respondent's position (and support therefor) with respect to the petitioner's motion. On August 9, 2005, the respondent filed his response, in which he sets forth his reasons for opposing the petitioner's motion. After giving the matter due consideration and for the reasons set forth below, LeFlore's motion to reconsider will be denied.

LeFlore's conviction became final within the meaning of 28 U.S.C. § 2244(d)(1) on September 10, 2003, to wit, ninety days after the Wisconsin Supreme Court denied his petition for review. On June 14, 2004, and thus in timely fashion, LeFlore filed his federal habeas petition in which he asserted three claims: (1) that he was denied his right to an impartial jury; (2) that he was denied effective assistance of counsel due to trial counsel's not removing an alleged bias juror; and (3) that the trial court abused its discretion when sentencing him. Those three claims had been

2

Case 2:04-cv-00567-WEC    Filed 08/12/05    Page 2 of 5    Document 31

previously presented to the Wisconsin courts; that is, LeFlore had exhausted his state remedies on those three claims.

It was not until June 13, 2005, well after the expiration of the one-year limitation period provided by 28 U.S.C. § 2244(d)(1) and well after the briefing on his habeas petition had been underway, that LeFlore sought from this court a stay of any further action on his habeas petition so that he might consult with his jailhouse lawyer to see if there were any additional claims he might have that had not yet been presented to the state courts. As stated previously, on June 24, 2005, this court denied, without prejudice, his motion for a stay. In his July 25, 2005, submission he sets forth the claims which he would like to present to state court and exhaust his state court remedies with respect thereto.

The problem with LeFlore's request lies in the fact that his petition (as originally filed and as it now sits) is not a mixed petition which, under certain circumstances, could be stayed to allow his return to state court to exhaust the unexhausted claims contained within the petition. *See Rhines v. Weber*, 125 S.Ct. 1528 (2005); *Rose v. Lundy*, 455 U.S. 509 (1982). It would only become a mixed petition if the court were to allow the petition to be amended to add the claims set forth in LeFlore's July 25, 2005 motion. But, allowing LeFlore's petition to be amended to add the claims he would like to take back to state court would run counter to the Supreme Court's decision in *Mayle v. Felix*, 125 S.Ct. 2562 (2005).

In *Mayle*, the court held that an amendment adding claims to a habeas corpus petition after the one year limitation period had expired does not relate back to the original filing date unless the "original and amended petitions state claims that are tied to a common core of operative facts." 125 S.Ct. at 2574. A review of LeFlore's motion in which he sets forth the claims he wishes to present

3

to the state court reveals that such claims (with the exceptions noted below) are not tied to a core of operative facts in common with the claims set forth in his currently pending habeas corpus petition.

To reiterate, in his habeas corpus petition LeFlore asserts three claims: (1) that he was denied his right to an impartial jury; (2) that he was denied effective assistance of counsel due to trial counsel's not removing an alleged bias juror; and (3) that the trial court abused its discretion when sentencing him. In his motion to reconsider Leflore identifies the following claims that he wishes to take to state court by way of a postconviction motion under Wis. Stat. § 974.06:

> I. Ineffective assistance of trial counsel for failing to call alibi witnesses on behalf of the defendant when these alibi witnesses could have placed the defendant at a different location at the time of the alleged crime.
>
> II. Ineffective assistance of counsel for failure to investigate conflicting accounts given by witnesses that could have been proven false.
>
> III. Ineffective assistance of counsel for failing to perform adequately during voir dire.
>
> IV. Ineffective assistance of counsel for failing to motion the court to strike for cause a bias juror.
>
> V. Abuse of discretion on the part of the trial judge for failing to remove for cause a bias juror.
>
> VI. Ineffective assistance of postconviction counsel for failing to litigate these clear errors.
>
> VII. Postconviction counsel was ineffective for failing to correctly raise and argue issues presented in the initial postconviction motion.
>
> VIII. Postconviction counsel was ineffective for abandoning prior issues raised at all levels.

(Pet'r's Mot. at 2.)

Three of the claims, i.e., III, IV and V, appear essentially to be the same claims as those LeFlore has already raised in his currently pending petition. However, Claims I and II involve ineffective assistance of counsel claims for failure to present an alibi and for failure to investigate conflicting witness accounts. These claims clearly have nothing to do with voir dire or sentencing issues, as do the claims set forth in LeFlore's currently pending habeas petition. As such, the pursuit of such claims would require an entirely separate line of questioning of LeFlore's trial attorney to determine whether he performed deficiently.

Likewise, Claims VI, VII and VIII have nothing to do with voir dire or sentencing issues and would require the questioning of a entirely different witness, LeFlore's postconviction counsel, in order to determine whether that counsel performed deficiently.

The bottom line is that, as it currently sits, LeFlore's petition is not a mixed petition. The only way it would become a mixed petition is if the court were to allow it to be amended to add the above-identified claims. In light of the Supreme Court's holding in *Mayle*, this court would not do so. Such being the case, LeFlore's motion to reconsider will be denied.

**NOW THEREFORE IT IS ORDERED** that the petitioner's motion to reconsider denial of stay be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that <u>on or before September 1, 2005</u>, the petitioner shall file his reply brief in support of his petition for writ of habeas corpus.

**SO ORDERED** this   12th   day of August 2005, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge